# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY L. MARCUM, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-12-471-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
|        Defendant. | ) |

## OPINION AND ORDER

The claimant Amy L. Marcum requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born May 28, 1971, and was thirty-nine years old at the time of the administrative hearing (Tr. 38, 114). She completed the tenth grade, and has worked as a molder-automobile carpets (Tr. 27, 134). The claimant alleges that she has been unable to work since April 15, 2009, due to depression, bi-polar disorder, asthma, and memory problems (Tr. 129).

**Procedural History**

On April 15, 2009, the claimant applied for supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 14, 2011 (Tr. 11-29). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. § 416.967(b), *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, and sit/stand/walk six hours in an eight-hour workday, limited to occasional stooping, crouching, crawling, kneeling, balancing, and

climbing stairs, but no climbing ladders; and avoiding concentrated exposure to dust, fumes, gases and other pulmonary irritants (Tr. 19). The claimant could understand, remember, and carry out simple and some complex tasks, sustain concentration and persistence for up to two hours at a time, and interact with supervisors and co-workers on a superficial basis but not interact with the public (Tr. 19). The ALJ also noted that if the claimant could perform light work, she could also perform sedentary work (Tr. 19). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform work in the regional and national economies, *i. e.*, printed products assembler and nut and bolt assembler (Tr. 28).

### Review

The claimant contends that the ALJ erred: (i) by relying heavily on evidence that pre-dated her alleged onset date; (ii) by failing to properly evaluate medical evidence, in particular the opinion of state agency physician Dr. Denise Kohler; and (iii) by failing to properly evaluate her credibility. Because the ALJ did fail to properly analyze Dr. Kohler's opinion, the decision of the Commissioner must be reversed.

The ALJ found that the claimant's chronic obstructive pulmonary disease (COPD) and affective mood disorder were severe impairments (Tr. 13). The medical evidence relevant to this appeal indicates that on October 2, 2009, clinical and forensic psychologist Dr. Kohler examined the claimant for the purpose of preparing a psychological assessment (Tr. 364-369). She observed that the claimant was on time, appeared to be her stated age, established rapport well, and had appropriate affect with a

neutral mood, but had rambling speech indicative of racing thoughts (Tr. 365-368). She reported visual hallucinations, failing memory and difficulty concentrating, along with a fair self-concept (Tr. 365-368). Dr. Kohler diagnosed the claimant with bipolar disorder with psychotic features, a history of Xanax dependence, rule out abuse of over-the-counter sleeping pills, and a deferred diagnosis of rule out personality disorder not otherwise specified (borderline traits), in additional to health problems of COPD and emphysema. She assessed the claimant with a GAF of 53 (Tr. 369). On April 4, 2012, state agency physician Dr. Sri Reddy examined the claimant and noted that she had:

> a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life . . . This is usually a lifelong disease. The Claimant does appear to be a candidate for return to work at this time considering only mental health issues. . . . Presently, she has moderate limitations with detailed instructions or long periods of concentration.

(Tr. 369). On January 16, 2010, state agency physician Dr. Caroline Lewin reviewed the claimant's medical records and found that her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting were all moderately

limited (Tr. 389-390). Dr. Lewin recited much of the evidence related to the claimant's mental impairments, and favorably cited Dr. Kohler's assessment, in particular her opinion that the claimant had moderate limitations with detailed instructions and long periods of concentration (Tr. 391). Dr. Lewin found the claimant fully credible, and capable of performing simple, routine tasks in a low stress work environment that required only occasional contact with others, including co-workers, supervisors, and the general public (Tr. 391). In 2008, reviewing state agency physician Dr. Leslie Rudy found that the claimant could likely perform in a setting that was simple and routine, with low production quotas in a static environment, and that she could interact with others on a superficial basis but would do best without public contact (Tr. 242). She found the claimant partially credible (Tr. 242).

In his written opinion, the ALJ extensively summarized the claimant's testimony and her medical records. In discussing the opinion evidence, the ALJ gave great weight to Dr. Kohler's opinion as being "fully supported by and consistent with the medical evidence of record as a whole" (Tr. 24). The ALJ also gave great weight to the opinions of Dr. Lewin and Dr. Rudy, but found that "the claimant is capable of performing some complex tasks; she can sustain concentration and persistence up for two hours at a time; and that she is unable to interact appropriately with the public" (Tr. 25).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d

1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ gave great weight to the opinions of Dr. Kohler, Dr. Lewin and Dr. Rudy but rejected some of the limitations they opined were applicable to the claimant, *e. g.*, limitations in her ability to sustain concentration, perform only simple tasks, and interact with the public as well as co-workers. The ALJ did not, however, provide any explanation for such rejection. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'"). This was a significant omission in this

case because the vocational expert testified that "[i]t would be very difficult for an individual to obtain and maintain employment" if she could only concentrate for an hour at a time (Tr. 61). In any event, it was clearly error for the ALJ to reject part of the opinions he gave great weight without explaining why. *See Martinez v. Astrue*, 422 Fed. Appx. 719, 725 (10th Cir. 2011) ("To be sure, the ALJ may have had his reasons for giving portions of Dr. LaGrand's opinion 'great weight,' but then disregarding other, probative portions of her opinion. However, before doing so, the ALJ was required to discuss why he ignored this evidence.") [internal citations omitted].

Because the ALJ failed to properly evaluate the opinions of Dr. Kohler, Dr. Lewin, and Dr. Rudy, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma